1  Stephen M. Doniger (SBN 179314)
   stephen@donigerlawfirm.com
2  Scott A. Burroughs (SBN 235718)
   scott@donigerlawfirm.com
3  Annie Aboulian (SBN 280693)
   annie@donigerlawfirm.com
4
   **DONIGER / BURROUGHS APC**
5  300 Corporate Pointe, Suite 355
6  Culver City, California  90230
   Telephone: (310) 590-1820
7  Facsimile:  (310) 417-3538
8
9  Attorneys for Plaintiff
   SUSAN NICHOLSON HOFHEINZ
10

11              **UNITED STATES DISTRICT COURT**

12             **CENTRAL DISTRICT OF CALIFORNIA**

13  SUSAN NICHOLSON HOFHEINZ, an        Case No. **CV12-09310** ABC (JEMX)
    Individual,
14
                                        PLAINTIFF'S COMPLAINT FOR:
15      Plaintiff,
                                        1. COPYRIGHT
16                                         INFRINGEMENT;
    v.
17                                      2. VICARIOUS AND/OR
                                           CONTRIBUTORY
18  EVERETT COLLECTION, INC., a New        COPYRIGHT
    York Corporation, individually and      INFRINGEMENT;
19  doing business as
    "WWW.EVERETTCOLLECTION.COM          3. VIOLATIONS OF LANHAM
20  "; LIBRARY IMAGES, a business entity     ACT
    of form unknown; MELANY SHAPIRO,       (15 U.S.C. 1125)
21  an individual; PENNY SILVER, an
    individual; CHIC ON A BUDGET, a      4. STATE TRADE DRESS
22  business entity of form unknown;  MG    INFRINGEMENT
    PHOTO, a business entity of form
23  unknown; POP CULTURE GRAPHICS,     5. STATE TRADEMARK
    INC. a Nevada Corporation; POSTER      INFRINGEMENT
24  REVOLUTION, a New York Company,
    individually and doing business as   6. STATE UNFAIR
25                                         COMPETITION
26
                                        <u>Jury Trial Demanded</u>
27

28                              - 1 -

                              COMPLAINT

"WWW.POSTERREVOLUTION.COM";
POSTER SHOP LIVE!, a business entity
of form unknown; RED TAG, INC., an
Illinois corporation, individually and
doing business as "UBID HOLDINGS,
INC."; POSTER JUNCTION, a business
entity of form unknown; ICON MEDIA
HOLDINGS, LLC, a North Carolina
limited liability company, individually and
doing business as "MOVIE GOODS" and
"WWW.MOVIEGOODS.COM"; CSS
INDUSTRIES, INC., a Delaware
Corporation, individually and doing
business as "PAPER MAGIC GROUP,
INC.";  PUNT DOG POSTERS, a
business entity of form unknown,
individually and doing business as
"WWW.PUNTDOGPOSTERS.COM";
WILD BILL'S NOSTALGIA, a
Connecticut company, individually and
doing business as "WILD BILL'S
POSTERS"; CH ARTWORK, a business
entity of form unknown; FINE ART
AMERICA, a North Carolina company,
individually and doing business as
"WWW.FINEARTAMERICA.COM";
MEDIA STOREHOUSE US, a business
entity of form unknown; THE GRANGER
COLLECTION, LTD., a New York
Corporation, individually and doing
business as "GRANGER ART ON
DEMAND"; AMAZON.COM, INC., a
Washington limited liability company,
individually and doing business as
"WWW.AMAZON.COM"; and DOES 1-
10,

Defendants.

- 2 -

COMPLAINT

Plaintiff SUSAN NICHOLSON HOFHEINZ (hereinafter "Hofheinz" or "Plaintiff"), by and through her undersigned attorneys, hereby prays to this honorable Court for relief based on the following:

## INTRODUCTION

Plaintiff Hofheinz is, amongst other things, the exclusive owner of the rights in and to a group of creepy horror films from the 1950s. These films include *Invasion of the Saucer-Men* ("*Saucer-Men*"), *I Was a Teenage Frankenstein* ("*Teenage Frankenstein*"), *I Was a Teenage Werewolf* ("*Teenage Werewolf*"), *It Conquered the World* ("*It Conquered*"), *The Amazing Colossal Man*, ("*Colossal Man*"), and *Terror From the Year 5000* ("*Terror*") (collectively "Films").

Defendants, and each of them, have created, marketed, imported, distributed, and sold a number of products that violate Plaintiff's rights in and to the Films. This case seeks redress for these violations.

## JURISDICTION AND VENUE

1.     This action arises under the Copyright Act of 1976, Title 17 U.S.C., § 101 *et seq*. and the Lanham Act, Title 15 U.S.C. §1051, *et seq*.

2.     This Court has federal question jurisdiction under 28 U.S.C. § 1331 and 1338 (a) and (b), and ancillary jurisdiction, to the extent necessary, over the remaining claims.

3.     Venue in this judicial district is proper under 28 U.S.C. § 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## PARTIES

4.     Plaintiff Hofheinz is an individual residing in Southern California.

5.     Plaintiff is informed and believes and thereon alleges that Defendant EVERETT COLLECTION, INC. is a corporation organized and existing under the laws of the state of New York, individually and doing business as

- 3 -

COMPLAINT

WWW.EVERETTCOLLECTION.COM (collectively, "EVERETT") and is doing business in and with the state of California.

6.   Plaintiff is informed and believes and thereon alleges that Defendant LIBRARY IMAGES ("LIBRARY") is a business entity of form unknown and is doing business in and with the state of California.

7.   Plaintiff is informed and believes and thereon alleges that Defendant MELANY SHAPIRO ("SHAPIRO") is an individual that is doing business in and with the state of California.

8.   Plaintiff is informed and believes and thereon alleges that Defendant PENNY SILVER, ("SILVER") is an individual that is doing business in and with the state of California.

9.   Plaintiff is informed and believes and thereon alleges that Defendant CHIC ON A BUDGET, ("CHIC") is a business entity of form unknown and is doing business in and with the state of California.

10.  Plaintiff is informed and believes and thereon alleges that Defendant MG PHOTO, ("MG PHOTO") is a business entity of form unknown and is doing business in and with the state of California.

11.  Plaintiff is informed and believes and thereon alleges that Defendant POP CULTURE GRAPHICS, INC., ("POP CULTURE") is a corporation organized and existing under the laws of the state of New York and is doing business in and with the state of California.

12.  Plaintiff is informed and believes and thereon alleges that Defendant POSTER REVOLUTION is a company organized and existing under the laws of the State of New York, individually and doing business as WWW.POSTERREVOLUTION.COM (collectively, "REVOLUTION"), and is doing business in and with the state of California.

- 4 -

COMPLAINT

13.  Plaintiff is informed and believes and thereon alleges that Defendant POSTER SHOP LIVE! ("POSTER SHOP") is a business entity of form unknown and is doing business in and with the state of California.

14.  Plaintiff is informed and believes and thereon alleges that Defendant RED TAG, INC. is a corporation organized and existing under the laws of the state of Illinois individually and doing business as UBID HOLDINGS, INC. (collectively "RED TAG"), and is doing business in and with the state of California.

15.  Plaintiff is informed and believes and thereon alleges that Defendant POSTER JUNCTION ("JUNCTION") is a business entity of form unknown and is doing business in and with the state of California.

16.  Plaintiff is informed and believes and thereon alleges that Defendant ICON MEDIA HOLDINGS, LLC is a limited liability company organized and existing under the laws of the state of North Carolina individually and doing business as MOVIE GOODS and WWW.MOVIEGOODS.COM (collectively "ICON MEDIA"), and is doing business in and with the State of California.

17.  Plaintiff is informed and believes and thereon alleges that Defendant CSS INDUSTRIES, INC. is a corporation organized and existing under the laws of the state of Delaware individually and doing business as PAPER MAGIC GROUP, INC., (collectively "PAPER MAGIC"), and is doing business in and with the state of California.

18.  Plaintiff is informed and believes and thereon alleges that Defendant PUNT DOG POSTERS is a company organized and existing under the laws of the state of New York individually and doing business as WWW.PUNTDOGPOSTERS.COM, (collectively "PUNT DOG"), and is doing business in and with the state of California.

19.  Plaintiff is informed and believes and thereon alleges that Defendant CH ARTWORK is a business entity of form unknown and is doing business in

- 5 -

and with the state of California.

20.   Plaintiff is informed and believes and thereon alleges that Defendant FINE ART AMERICA is a company organized and existing under the laws of the State of North Carolina, individually and doing business as WWW.FINEARTAMERICA.COM (collectively "FINE ART"), and is doing business in and with the state of California.

21.   Plaintiff is informed and believes and thereon alleges that Defendant MEDIA STOREHOUSE US ("STOREHOUSE") is a business entity of form unknown and is doing business in and with the state of California.

22.   Plaintiff is informed and believes and thereon alleges that Defendant THE GRANGER COLLECTION, LTD. is a corporation organized and existing under the laws of the state of New York individually and doing business as GRANGER ART ON DEMAND and WWW.GRANGER.COM (collectively "GRANGER"), and is doing business in and with the state of California.

23.   Plaintiff is informed and believes and thereon alleges that Defendant AMAZON.COM, INC. is a limited liability company organized and existing under the laws of the state of Washington individually and doing business as WWW.AMAZON.COM (collectively, "AMAZON"), and is doing business in and with the state of California.

24.  Plaintiff is informed and believes and thereon alleges that Defendant DOES 1-10, inclusive, are manufacturers, and/or vendors (and/or agents or employees to a manufacturer or vendor) of product to Defendants, which DOE Defendants have manufactured and/or supplied and are manufacturing and/or supplying materials and other product exploiting the Films without Plaintiff's knowledge or consent or have contributed to said infringement. The true names, whether corporate, individual or otherwise of Defendants DOES 1-10, inclusive, are presently unknown to Plaintiff, which therefore sues said Defendants by such

- 6 -

fictitious names and will seek leave to amend this complaint to show their true names and capacities when same have been ascertained.

25. Defendants DOES 6 through 10, inclusive, are other parties not yet identified who have infringed Plaintiff's rights, have contributed to the infringement of Plaintiff's rights, or have engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual or otherwise, of Defendants 1 through 10, inclusive, are presently unknown to Plaintiff, which therefore sues said Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

26. Plaintiff is informed and believes and thereon alleges that at all times relevant hereto each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and adopted, or both, each and all of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each and every violation of Plaintiff's rights and the damages to Plaintiff proximately caused thereby.

## CLAIMS RELATED TO *SAUCER-MEN*

27. Plaintiff is the exclusive owner and copyright holder for *Saucer-Men* and certain if not all of the related marketing materials. Plaintiff owns in exclusivity copyright registrations for the content at issue.

28. *Saucer-Men* and its marketing materials were published prior to the acts alleged herein.

29.  Plaintiff is informed and believes that Defendants, and each of them, took access to and received *Saucer-Men* and related marketing materials prior to the acts alleged herein.

30.  Plaintiff is informed and believes that Defendants, and each of them, were manufacturing or having manufactured, marketing, distributing, and selling merchandise that exploits the content and characters from *Saucer-Men* ("Accused Product").

31.  Specifically, without limitation, Plaintiff is informed and believes and thereon alleges that DOE Defendants, LIBRARY, SILVER, CHIC, REVOLUTION, JUNCTION, ICON and/or FINE ART sourced, manufactured, imported, and/or had created the Accused Product and sold, transferred, and distributed it to the public via AMAZON "shops" on the internet, individually, and/or and through other DOE Defendants.

32.  Specifically, without limitation, Plaintiff is informed and believes and thereon alleges that Defendants LIBRARY, REVOLUTION, JUNCTION, ICON and FINE ART were manufacturing or having manufactured, marketing, distributing, and selling Accused Product including, but not limited to prints and posters.

33.  Specifically, without limitation, Plaintiff is informed and believes and thereon alleges that Defendant SHAPIRO wad manufacturing or having manufactured, marketing, distributing, and selling Accused Product including, but not limited to pill boxes and cigarette cases.

34.  Specifically, without limitation, Plaintiff is informed and believes and thereon alleges that Defendants SILVER and CHIC were manufacturing or having manufactured, marketing, distributing, and selling Accused Product including, but not limited to pill boxes, flasks, business card cases, posters, and wallets.

COMPLAINT

35. The above-alleged conduct was not authorized by Plaintiff, and is in violation of Plaintiff's rights as the exclusive owner of *Saucer-Men*.

36. Certain exemplars of the Accused Product originating from and/or offered for sale by the Defendants, and each of them, are set forth below. In the images below the viewer will find material from *Saucer-Men* and certain exemplars of the Accused Product that infringes Plaintiff's rights in *Saucer-Men*:

 

37. A comparison of the above images makes clear that the Accused Product is substantially similar to the characters and content from *SAUCER-MEN*. This violates Plaintiff's copyrights in *SAUCER-MEN*.

38. In addition, the Accused Product violates Plaintiff's trademark and trade dress rights in its use of the name of *Saucer-Men* and certain material from *Saucer-Men* and/or its marketing on the Accused Product's packaging.

39. Defendants, nor any of them, ever obtained from Plaintiff permission to exploit in any way the Films, their characters, or their marketing materials.

40. Plaintiff is informed and believes and thereon alleges that the owners of the Defendants, and each of them, were personally involved in the acts of infringement alleged herein, and/or is an alter ego or proxy for the companies alleged to have committed the injurious misconduct.

## CLAIMS RELATED TO *TEENAGE FRANKENSTEIN*

41. Plaintiff is the exclusive owner and copyright holder for *Teenage Frankenstein* and certain if not all of the related marketing materials. Plaintiff owns in exclusivity copyright registrations for the content at issue.

42. *Teenage Frankenstein* and its marketing materials were published prior to the acts alleged herein.

43. Plaintiff is informed and believes that Defendants, and each of them, took access to and received *Teenage Frankenstein* and related marketing materials prior to the acts alleged herein.

44. Plaintiff is informed and believes that Defendants, and each of them, were manufacturing or having manufactured, marketing, distributing, and selling merchandise that exploits the content and characters from *Teenage Frankenstein* ("Accused Product").

45. Specifically, without limitation, Plaintiff is informed and believes and thereon alleges that DOE Defendants, EVERETT, LIBRARY, SILVER, CHIC, JUNCTION, ICON, FINE ART, STOREHOUSE and/or GRANGER sourced, manufactured, imported, and/or had created the Accused Product and sold, transferred, and distributed it to the public via AMAZON "shops" on the internet,

1   individually, and/or through other DOE Defendants.

2       46.   Specifically, without limitation, Plaintiff is informed and believes and

3   thereon alleges that Defendants EVERETT, LIBRARY, JUNCTION, ICON, and/or

4   FINE ART were manufacturing or having manufactured, marketing, distributing,

5   and selling Accused Product including, but not limited to prints and posters.

6       47.   Specifically, without limitation, Plaintiff is informed and believes and

7   thereon alleges that Defendants SILVER and/or CHIC were manufacturing or having

8   manufactured, marketing, distributing, and selling Accused Product including, but

9   not limited to pill boxes and cigarette cases.

10      48.   Specifically, without limitation, Plaintiff is informed and believes and

11  thereon alleges that Defendants STOREHOUSE, and/or GRANGER were

12  manufacturing or having manufactured, marketing, distributing, and selling Accused

13  Product including, but not limited to mugs, puzzles, prints, posters and stills.

14      49.   The above-alleged conduct was not authorized by Plaintiff, and is in

15  violation of Plaintiff's rights as the exclusive owner of *Teenage Frankenstein*.

16      50.   Certain exemplars of the Accused Product originating from and/or offered

17  for sale by the Defendants, and each of them, are set forth below. In the images

18  below the viewer will find material from *Teenage Frankenstein* and an exemplar of

19  the Accused Product that infringes Plaintiff's rights in *Teenage Frankenstein*:

20

21

22

23

24

25  ///

26  ///

27  ///

28

- 11 -

COMPLAINT



51. A comparison of the above images makes clear that the Accused Product is substantially similar to the characters and content from *Teenage Frankenstein*. This violates Plaintiff's copyrights in *Teenage Frankenstein*.

52. In addition, the Accused Product violates Plaintiff's trademark and trade dress rights in its use of the name of *Teenage Frankenstein* and certain material from *Teenage Frankenstein* and/or its marketing on the Accused Product's packaging.

53. Defendants, and each of them, never obtained from Plaintiff permission to exploit in any way the Films, their characters, or their marketing materials.

1   Plaintiff is informed and believes and thereon alleges that the owners of the

2   Defendants, and each of them, were personally involved in the acts of infringement

3   alleged herein, and/or is an alter ego or proxy for the companies alleged to have

4   committed the injurious misconduct.

5   ## CLAIMS RELATED TO *TEENAGE WEREWOLF*

6   54.  Plaintiff is the exclusive owner and copyright holder for *Teenage*

7   *Werewolf* and certain if not all of the related marketing materials. Plaintiff owns in

8   exclusivity copyright registrations for the content at issue.

9   55.  *Teenage Werewolf* and its marketing materials were published prior to the

10  acts alleged herein.

11  56.  Plaintiff is informed and believes that Defendants, and each of them, took

12  access to and received *Teenage Werewolf* and related marketing materials prior to

13  the acts alleged herein.

14  57.  Plaintiff is informed and believes that Defendants, and each of them, were

15  manufacturing or having manufactured, marketing, distributing, and selling

16  merchandise that exploits the content and characters from *Teenage Werewolf*

17  ("Accused Product").

18  58.  Specifically, without limitation, Plaintiff is informed and believes and

19  thereon alleges that DOE Defendants, EVERETT, LIBRARY, SILVER, CHIC,

20  POSTER SHOP, CH, JUNCTION, ICON, FINE ART, STOREHOUSE and/or

21  GRANGER sourced, manufactured, imported, and/or had created the Accused

22  Product and sold, transferred, and distributed it to the public via AMAZON "shops"

23  on the internet, individually, and/or through other DOE Defendants.

24  59.  Specifically, without limitation, Plaintiff is informed and believes and

25  thereon alleges that Defendants EVERETT, LIBRARY, JUNCTION, ICON, and/or

26  FINE ART were manufacturing or having manufactured, marketing, distributing,

27  and selling Accused Product including, but not limited to prints and posters.

28

- 13 -

60.  Specifically, without limitation, Plaintiff is informed and believes and thereon alleges that Defendants SILVER and/or CHIC were manufacturing or having manufactured, marketing, distributing, and selling Accused Product including, but not limited to cigarette cases, flasks, and credit card cases.

61.  Specifically, without limitation, Plaintiff is informed and believes and thereon alleges that Defendants STOREHOUSE, and/or GRANGER were manufacturing or having manufactured, marketing, distributing, and selling Accused Product including, but not limited to greeting cards, puzzles, prints, posters and stills.

62.  Specifically, without limitation, Plaintiff is informed and believes and thereon alleges that Defendants CH ARTWORK and/or POSTER SHOP was manufacturing or having manufactured, marketing, distributing, and selling Accused Product including, but not limited to mugs, and mouse pads.

63.  The above-alleged conduct was not authorized by Plaintiff, and is in violation of Plaintiff's rights as the exclusive owner of *Teenage Werewolf*.

64.  Certain exemplars of the Accused Product originating from and/or offered for sale by the Defendants, and each of them, are set forth below. In the images below the viewer will find material from *Teenage Werewolf* and an exemplar of the Accused Product that infringes Plaintiff's rights in *Teenage Werewolf*:

///
///
///

COMPLAINT







**Chic on a Budget Storefront › "teenage were**
★★★★★ 4.7 stars over the past 12 months (580 ratings)
**Showing 3 Results**

Framed Print of I Was A Teenage Werewolf from Everett Collection
$159.99

Framed Print of I Was A Teenage Werewolf from Everett Collection
$159.99






**MICHAEL LANDON: I WAS A TEENAGE WEREWOLF 1957**
**2oz Flask Cigarette Case ID Wallet**
~~$29.00~~ $13.99

Photo Jigsaw Puzzle of I WAS A TEENAGE WEREWOLF. Michael Landon in the title role of I was a from Granger Art on Demand
$24.99

Photo Mug of I WAS A TEENAGE WEREWOLF. Michael Landon in the title role of I was a from Granger Art on Demand
$15.99

65.  A comparison of the above images makes clear that the Accused Product is substantially similar to the characters and content from *Teenage Werewolf*. This violates Plaintiff's copyrights in *Teenage Werewolf*.

66.  In addition, the Accused Product violates Plaintiff's trademark and trade dress rights in its use of the name of *Teenage Werewolf* and certain material from *Teenage Werewolf* and/or its marketing on the Accused Product's packaging.

67.  Defendants, and each of them, never obtained from Plaintiff permission to exploit in any way the Films, their characters, or their marketing materials.

68.  Plaintiff is informed and believes and thereon alleges that the owners of

- 15 -

COMPLAINT

1    the Defendants, and each of them, were personally involved in the acts of

2    infringement alleged herein, and/or is an alter ego or proxy for the companies

3    alleged to have committed the injurious misconduct.

4                      **CLAIMS RELATED TO *IT CONQUERED***

5          69.  Plaintiff is the exclusive owner and copyright holder for *It Conquered* and

6    certain if not all of the related marketing materials. Plaintiff owns in exclusivity

7    copyright registrations for the content at issue.

8          70.  *It Conquered* and its marketing materials were published prior to the acts

9    alleged herein.

10         71.  Plaintiff is informed and believes that Defendants, and each of them, took

11   access to and received *It Conquered* and related marketing materials prior to the acts

12   alleged herein.

13         72. Plaintiff is informed and believes that Defendants, and each of them, were

14   manufacturing or having manufactured, marketing, distributing, and selling

15   merchandise that exploits the content and characters from *It Conquered* ("Accused

16   Product").

17         73.  Specifically, without limitation, Plaintiff is informed and believes and

18   thereon alleges that DOE Defendants, EVERETT, LIBRARY, REVOLUTION,

19   JUNCTION, ICON, FINE ART, and/or STOREHOUSE sourced, manufactured,

20   imported, and/or had created the Accused Product and sold, transferred, and

21   distributed it to the public via AMAZON "shops" on the internet, individually,

22   and/or through other DOE Defendants.

23         74.  Specifically, without limitation, Plaintiff is informed and believes and

24   thereon alleges that Defendants EVERETT, LIBRARY, REVOLUTION,

25   JUNCTION, ICON, FINE ART, and/or STOREHOUSE were manufacturing or

26   having manufactured, marketing, distributing, and selling Accused Product

27   including, but not limited to prints and posters.

28                                      - 16 -

75.  The above-alleged conduct was not authorized by Plaintiff, and is in violation of Plaintiff's rights as the exclusive owner of *It Conquered*.

76.  Certain exemplars of the Accused Product originating from and/or offered for sale by the Defendants, and each of them, are set forth below. In the images below the viewer will find material from *It Conquered* and an exemplar of the Accused Product that infringes Plaintiff's rights in *It Conquered*:



77.  A comparison of the above images makes clear that the Accused Product is substantially similar to the characters and content from *It Conquered*. This violates Plaintiff's copyrights in *It Conquered*.

78.  In addition, the Accused Product violates Plaintiff's trademark and trade dress rights in its use of the name of *It Conquered* and certain material from *It Conquered* and/or its marketing on the Accused Product's packaging.

79.  Defendants, nor any of them, ever obtained from Plaintiff permission to exploit in any way the Films, their characters, or their marketing materials.

80.  Plaintiff is informed and believes and thereon alleges that the owners of

- 17 -

the Defendants, and each of them, were personally involved in the acts of infringement alleged herein, and/or is an alter ego or proxy for the companies alleged to have committed the injurious misconduct.

## CLAIMS RELATED TO *COLOSSAL MAN*

81. Plaintiff is the exclusive owner and copyright holder for *Colossal Man* and certain if not all of the related marketing materials. Plaintiff owns in exclusivity copyright registrations for the content at issue.

82. *Colossal Man* and its marketing materials were published prior to the acts alleged herein.

83. Plaintiff is informed and believes that Defendants, and each of them, took access to and received *Colossal Man* and related marketing materials prior to the acts alleged herein.

84. Plaintiff is informed and believes that Defendants, and each of them, were manufacturing or having manufactured, marketing, distributing, and selling merchandise that exploits the content and characters from *Colossal Man* ("Accused Product").

85. Specifically, without limitation, Plaintiff is informed and believes and thereon alleges that DOE Defendants, LIBRARY, SILVER, CHIC, REVOLUTION, JUNCTION, ICON, and/or FINE ART sourced, manufactured, imported, and/or had created the Accused Product and sold, transferred, and distributed it to the public via AMAZON "shops" on the internet, individually, and/or through other DOE Defendants.

86. Specifically, without limitation, Plaintiff is informed and believes and thereon alleges that Defendants LIBRARY, REVOLUTION, JUNCTION, ICON, and/or FINE ART were manufacturing or having manufactured, marketing, distributing, and selling Accused Product including, but not limited to prints and posters.

- 18 -

87.   Specifically, without limitation, Plaintiff is informed and believes and thereon alleges that Defendants SILVER and/or CHIC were manufacturing or having manufactured, marketing, distributing, and selling Accused Product including, but not limited to pill boxes.

88.   Specifically, without limitation, Plaintiff is informed and believes and thereon alleges that Defendants STOREHOUSE, and/or GRANGER were manufacturing or having manufactured, marketing, distributing, and selling Accused Product including, but not limited to greeting cards, puzzles, prints, posters and stills.

89.   Specifically, without limitation, Plaintiff is informed and believes and thereon alleges that Defendants CH ARTWORK and/or POSTER SHOP was manufacturing or having manufactured, marketing, distributing, and selling Accused Product including, but not limited to mugs, and mouse pads.

90.   The above-alleged conduct was not authorized by Plaintiff, and is in violation of Plaintiff's rights as the exclusive owner of *Colossal Man*.

91.   Certain exemplars of the Accused Product originating from and/or offered for sale by the Defendants, and each of them, are set forth below. In the images below the viewer will find material from *Colossal Man* and an exemplar of the Accused Product that infringes Plaintiff's rights in *Colossal Man*:

///
///
///





The Amazing Colossal Man Sci-Fi 1957:
USA!
by Perry Alker
Be the first to review this item | Like (0)

List Price: $12.99
Price: $7.98
You Save: $5.01 (39%)

In stock.
Processing takes an additional 3 to 4 days for orders from
Ships from and sold by Chic on a Budget.



92.  A comparison of the above images makes clear that the Accused Product

is substantially similar to the characters and content from *Colossal Man*. This

violates Plaintiff's copyrights in *Colossal Man*.

93.  In addition, the Accused Product violates Plaintiff's trademark and trade

dress rights in its use of the name of *Colossal Man* and certain material from

*Colossal Man* and/or its marketing on the Accused Product's packaging.

94.  Defendants, and each of them, never obtained from Plaintiff permission to

exploit in any way the Films, their characters, or their marketing materials.

Plaintiff is informed and believes and thereon alleges that the owners of the

- 20 -

COMPLAINT

Defendants, and each of them, were personally involved in the acts of infringement alleged herein, and/or is an alter ego or proxy for the companies alleged to have committed the injurious misconduct.

## CLAIMS RELATED TO *TERROR*

95. Plaintiff is the exclusive owner and copyright holder for *Terror* and certain if not all of the related marketing materials. Plaintiff owns in exclusivity copyright registrations for the content at issue.

96. *Terror* and its marketing materials were published prior to the acts alleged herein.

97. Plaintiff is informed and believes that Defendants, and each of them, took access to and received *Terror* and related marketing materials prior to the acts alleged herein.

98. Plaintiff is informed and believes that Defendants, and each of them, were manufacturing or having manufactured, marketing, distributing, and selling merchandise that exploits the content and characters from *Terror* ("Accused Product").

99. Specifically, without limitation, Plaintiff is informed and believes and thereon alleges that DOE Defendants, EVERETT, LIBRARY, JUNCTION, ICON, FINE ART, and/or STOREHOUSE sourced, manufactured, imported, and/or had created the Accused Product and sold, transferred, and distributed it to the public via AMAZON "shops" on the internet, individually, and/or through other DOE Defendants.

100. Specifically, without limitation, Plaintiff is informed and believes and thereon alleges that Defendants EVERETT, LIBRARY, JUNCTION, ICON, FINE ART, and/or STOREHOUSE were manufacturing or having manufactured, marketing, distributing, and selling Accused Product including, but not limited to prints and posters.

101.   Specifically, without limitation, Plaintiff is informed and believes and thereon alleges that Defendants SILVER and/or CHIC were manufacturing or having manufactured, marketing, distributing, and selling Accused Product including, but not limited to cigarette cases, flasks, and credit card cases.

102.   Specifically, without limitation, Plaintiff is informed and believes and thereon alleges that Defendants STOREHOUSE, and/or GRANGER were manufacturing or having manufactured, marketing, distributing, and selling Accused Product including, but not limited to greeting cards, puzzles, prints, posters and stills.

103.   Specifically, without limitation, Plaintiff is informed and believes and thereon alleges that Defendants CH ARTWORK and/or POSTER SHOP was manufacturing or having manufactured, marketing, distributing, and selling Accused Product including, but not limited to mugs, and mouse pads.

104.   The above-alleged conduct was not authorized by Plaintiff, and is in violation of Plaintiff's rights as the exclusive owner of *Terror*.

105.   Certain exemplars of the Accused Product originating from and/or offered for sale by the Defendants, and each of them, are set forth below. In the images below the viewer will find material from *Terror* and an exemplar of the Accused Product that infringes Plaintiff's rights in *Terror*:

///
///
///

COMPLAINT

106.   A comparison of the above images makes clear that the Accused Product is substantially similar to the characters and content from *Terror*. This violates Plaintiff's copyrights in *Terror*.

107.   In addition, the Accused Product violates Plaintiff's trademark and trade dress rights in its use of the name of *Terror* and certain material from *Terror* and/or its marketing on the Accused Product's packaging.

108.   Defendants, nor any of them, ever obtained from Plaintiff permission to exploit in any way the Films, their characters, or their marketing materials. Plaintiff is informed and believes and thereon alleges that the owners of the Defendants, and each of them, were personally involved in the acts of infringement alleged herein, and/or is an alter ego or proxy for the companies alleged to have committed the injurious misconduct.

- 23 -

## FIRST CLAIM FOR RELIEF

(For Copyright Infringement – Against All Defendants, and Each)

109.   Plaintiff repeats, re-alleges and incorporates herein by reference as though fully set forth the allegations contained in the preceding paragraphs of this Complaint.

110.   Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, had access to the Films, which were first released in theaters in the 1950s.

111.   Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, misappropriated content from the Films to create, or have created, products that are substantially similar to certain of the material encompassed in the Films.

112.   Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, infringed Plaintiff's copyright by creating, making and/or developing directly infringing and/or derivative works from the Films and by producing, distributing and/or selling product that infringes the Films through a nationwide network of retail stores and on-line outlets.

113.   Plaintiff is further informed and believes and thereon alleges that Defendants, and each of them, created unlawful derivative works that were based on the Films, and sold said works in commerce.

114.   The above-stated acts by Defendants, and each of them, violated Plaintiff's exclusive right to create derivative works from Films and her exclusive right to distribute and sell product related to the Films' material.

115.   Due to Defendants', and each of their, acts of infringement, Plaintiff has suffered general and special damages in an amount to be established at trial.

116.   Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would

- 24 -

not otherwise have realized but for their infringement of Plaintiff's rights in the Films. As such, Plaintiff is entitled to disgorgement of Defendants', and each of their, profits directly and indirectly attributable to Defendants', and each of their, infringement of the Films in an amount to be established at trial.

117.    Plaintiff is informed and believes and thereon alleges that the infringement of the content from the Films by Defendants, and each of them, was willful, with knowledge, reckless, and/or in blatant disregard for Plaintiff's rights as a copyright holder for the Films, and as such, Defendants, and each of them, are liable for willful, exemplary and enhanced statutory damages of up to and including one hundred and fifty thousand dollars ($150,000.00) and/or a preclusion from deducting certain costs relevant to disgorgeable profits.

## SECOND CLAIM FOR RELIEF

(For Vicarious and/or Contributory Copyright Infringement – Against All Defendants, and Each)

118.    Plaintiff repeats, realleges and incorporates herein by reference as though fully set forth the allegations contained in the preceding paragraphs of this Complaint.

119.    Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, knowingly induced, participated in, aided and abetted in and profited from the illegal reproduction and/or subsequent sales of the Accused Product as alleged hereinabove.

120.    Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, are vicariously liable for the infringement alleged herein because they had the right and ability to supervise the infringing conduct and because they had a direct financial interest in the infringing conduct.

121.    By reason of the Defendants', and each of their, acts of contributory and vicarious infringement as alleged above, Plaintiff has suffered and will continue to

- 25 -

COMPLAINT

suffer substantial damages to its business in an amount to be established at trial, as well as additional general and special damages in an amount to be established at trial.

122.   Due to Defendants', and each of their, acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of Plaintiff's rights in the Films. As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants', and each of their, infringement of the Films, in an amount to be established at trial.

123.   Plaintiff is informed and believes and thereon alleges that the infringement of the content from the Films by Defendants, and each of them, was willful, with knowledge, reckless, and/or in blatant disregard for Plaintiff's rights as a copyright holder for the Films, and as such, Defendants, and each of them, are liable for willful, exemplary and enhanced statutory damages of up to and including one hundred and fifty thousand dollars and/or a preclusion from deducting certain costs relevant to disgorgeable profits.

## THIRD CLAIM FOR RELIEF

### (Violations of Lanham Act (15 USC § 1125) –

### Against all Defendants, and Each)

124.   Plaintiff repeats, realleges and incorporates herein by reference as though fully set forth the allegations contained in the preceding paragraphs of this Complaint.

125.   Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, are passing off the Accused Product under the Films' titles, and in packaging similar to and evoking that used in the Films and their marketing materials, in interstate commerce.

- 26 -

126.    Plaintiff is informed and believes and thereon alleges that the passing off by Defendants, and each of them, of Accused Product under the Films' titles causes consumer confusion as to the source of the Accused Product and falsely implies a sponsorship or association between the Films and the Accused Product and/or the Defendants, and each of them.

127.    Plaintiff is informed and believes and thereon alleges that the passing off by Defendants, and each of them, of Accused Product under the Films' titles misrepresent the nature, characteristics, and qualities of the Accused Product, as the Accused Product is not authorized product, and the packaging of the Accused Product is confusingly similar to the content in the Films and its marketing materials.

128.    The above misstatements and deceptions by Defendants, and each of them, were material, and resulted in harm and damages to Plaintiff in an amount to be established at trial.

129.    Plaintiff has no adequate remedy at law and is entitled to injunctive relief pursuant to 15 U.S.C. § 1116(d).

130.    Plaintiff is entitled to recover its actual damages and Defendants' profits pursuant to 15 U.S.C. § 1117(a); treble damages pursuant to 15 U.S.C. § 1117(a) and (b); attorneys' fees and costs pursuant to 15 U.S.C. § 1117(a); seizure of all infringing goods pursuant to 15 U.S.C. § 1116(d); and impoundment and destruction of all infringing goods pursuant to 15 U.S.C. § 1118.

## FOURTH CLAIM FOR RELIEF

### (Trade Dress Infringement in Violation of California Business and Professions Code Section 14245 – Against All Defendants, and Each)

131.    Plaintiff repeats, realleges and incorporates herein by reference as though fully set forth the allegations contained in the preceding paragraphs, inclusive, of this Complaint.

- 27 -

132.   Defendants', and each of their, unauthorized use of material from the Films and their marketing materials in connection with the sale, offering for sale, distribution or advertising of its products is likely to cause confusion or mistake or to deceive as to the source or origin of its products in violation of California Business and Professions Code Section 14245.

133.   On information and belief, Defendants', and each of their, infringement has been with knowledge of Plaintiff's rights.

134.   Plaintiff has been, is now, and will be irreparably injured and damaged by Defendants' aforementioned acts, and unless enjoined by the Court, Plaintiff will suffer further harm to its name, reputation and goodwill.

## FIFTH CAUSE OF ACTION

**(Trademark Infringement under Cal. Bus. & Prof. Code § 17200 and California Common Law against all Defendants)**

135.   Plaintiff repeats, re-alleges and incorporates herein by reference as though fully set forth the allegations contained in the preceding paragraphs of this Complaint.

136.   Defendants', and each of their, use of the Films' titles, without Plaintiffs' consent, constitutes trademark infringement and unfair competition in violation of California common law, in that, among other things, such use is likely to cause confusion, deception and mistake among the consuming public and trade as to the source, approval or sponsorship of the products offered by Defendants.

137.   The acts of Defendants, and each of them, complained of herein constitute trademark infringement and unfair competition in violation of the statutory law of the State of California, Cal. Bus. & Prof. Code §§ 17200, *et seq.*, in that, among other things, such use is likely to cause confusion, deception and mistake among the consuming public and trade as to the source, approval or sponsorship of the Accused Product offered by Defendants. Plaintiff is informed and believes that

- 28 -

unless said conduct is enjoined by this Court, Defendants, and each of them, will continue and expand those activities to the continued and irreparable injury of Plaintiff. This injury includes a reduction in the distinctiveness of Plaintiff's trademark and trade dress, and injury to Plaintiff's reputation that cannot be remedied through damages, and Plaintiff has no adequate remedy at law. Plaintiff is entitled to preliminary and permanent injunctions restraining and enjoining Defendants, and each of them, and each of their agents, servants, employees, and all persons acting thereunder, in concert with, or on their behalf, from using in commerce material from the Films or their marketing materials.

138. As a direct and proximate result of Defendants', and each of their, willful and intentional actions, Plaintiff has suffered damages in an amount to be determined at trial and, unless Defendants, and each of them, are restrained, Plaintiff will continue to suffer irreparable damage.

## SIXTH CAUSE OF ACTION

### (California Unfair Competition under Cal. Bus. & Prof. Code § 17200 and California Common Law against All Defendants)

139. Plaintiff repeats, re-alleges and incorporates herein by reference as though fully set forth the allegations contained in the preceding paragraphs of this Complaint.

140. By the actions alleged above, Defendants, and each of them, have engaged in false designation of origin and unfair competition in violation of the statutory law of the State of California, Cal. Bus. & Prof. Code §§ 17200, *et seq.*, by entering products into the stream of commerce, which deceived and confused members of the public as to the origin of their goods. Plaintiff is informed and believes that unless said conduct is enjoined by this Court, Defendants, and each of them, will continue and expand those activities to the continued and irreparable injury of Plaintiff. This injury includes a reduction in the distinctiveness of the Films

- 29 -

and injury to Plaintiff's reputation that cannot be remedied through damages, and Plaintiff has no adequate remedy at law. Plaintiff is entitled to preliminary and permanent injunctions restraining and enjoining Defendants, and each of them, and each of their agents, servants, employees, and all persons acting thereunder, in concert with, or on their behalf, from using in commerce content from the Films.

141. As a direct and proximate result of Defendants', and each of their, willful and intentional actions, Plaintiff has suffered damages in an amount to be determined at trial and, unless Defendants, and each of them, are restrained, Plaintiff will continue to suffer irreparable damage.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff prays for relief and judgment as follows:

### ***Against All Defendants***

1. <u>With Respect to Each Claim for Relief</u>

   a. That Plaintiff be awarded all profits of Defendants, and each of them, plus all losses of Plaintiff, the exact sum to be proven at the time of trial, or, if elected before final judgment, statutory damages as available under 17 U.S.C. § 101, *et seq.*;

   b. A disgorgement of profits and other damages arising from such infringement, pursuant to 15 U.S.C. § 1117, and award all damages called for therein;

   c. An award of actual damages sustained by Plaintiff;

   d. That Plaintiff be awarded its attorneys' fees as available under 17 U.S.C. § 101, *et seq.*, 17 U.S.C. § 1202, and 15 U.S.C. § 1117;

   e. An injunction against continued infringement of Plaintiff's trade dress and trademark, pursuant to 15 U.S.C. § 1116, and the unfair competition provisions;

- 30 -

f.  An injunction against continued infringement of Plaintiff's trade dress and trademark, pursuant to Cal Bus & Prof Code § 14245;

g.  An order directing Defendants, and each of them, to file with the court and serve on Plaintiff a report setting forth an accounting and the manner and form in which Defendants, and each of them, have complied with the injunction, pursuant to 15 U.S.C. § 1116;

h.  That Plaintiff be awarded pre-judgment interest as allowed by law;

i.  That Plaintiff be awarded the costs of this action;

j.  That Plaintiff be awarded treble damages and/or punitive damages in an amount sufficient to deter and punish Defendants, and each of them, on account of Defendants', and each of their, willful violation of Federal, California, and common law; and declaring this case to be an exceptional case within the meaning of 15 U.S.C. § 1117;

k.  That Plaintiff be awarded such further legal and equitable relief as the Court deems proper;

l.  That an imposition of a constructive trust be entered over all products and materials bearing, in whole or in part, any material from the Films or their marketing materials, to the extent said products and materials were created, purchased, sold, advertised, or distributed in violation of Plaintiff's rights therein, as well as all registrations relating to Plaintiff's works filed by any of the Defendants and/or any third parties, and all profits, monies, royalties, and any other benefits derived or obtained by any of the Defendants from the wrongful ownership, use, purchase, sale, distribution, licensing, or exploitation of Plaintiff's works of art.

///
///

A <u>TRIAL BY JURY</u> PURSUANT TO FED. R. CIV. P. 38 AND CONSTITUTIONAL AMENDMENT SEVEN IS HEREBY DEMANDED.

Respectfully submitted,

Dated:  October 24, 2012          By:  _____

Scott A. Burroughs, Esq.
DONIGER / BURROUGHS
Attorneys for Plaintiff
SUSAN NICHOLSON HOFHEINZ

- 32 -

COMPLAINT

Stephen M. Doniger, Esq. (SBN 179314)
Scott A. Burroughs, Esq. (SBN 235718)
DONIGER/BURROUGHS, APC
300 Corporate Pointe, Suite 355
Culver City, California  90230
Telephone: (310) 590-1820

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUSAN NICHOLSON HOFHEINZ, an individual<br><br><br>PLAINTIFF(S)<br>v.<br>EVERETT COLLECTION, INC., a New York Corporation; et. al. [See Attached "Schedule A"]<br><br><br>DEFENDANT(S). | CASE NUMBER **CV12-09310** ABC(JEMx)<br><br><br><br>**SUMMONS** |

TO:     DEFENDANT(S):

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff's attorney, _Scott A. Burroughs, Esq._____, whose address is _DONIGER / BURROUGHS APC 300 Corporate Pointe, Ste. 355 Culver City, CA 90230_.  If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated:     OCT 3 0 2012

By: _____
JULIE PRADO
Deputy Clerk

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed 60 days by Rule 12(a)(3)].*

## "SCHEDULE A"

SUSAN NICHOLSON HOFHEINZ, an Individual,

Plaintiff,

v.

EVERETT COLLECTION, INC., a New York Corporation, individually and doing business as "WWW.EVERETTCOLLECTION.COM"; LIBRARY IMAGES, a business entity of form unknown; MELANY SHAPIRO, an individual; PENNY SILVER, an individual; CHIC ON A BUDGET, a business entity of form unknown;  MG PHOTO, a business entity of form unknown; POP CULTURE GRAPHICS, INC. a Nevada Corporation; POSTER REVOLUTION, a New York Company, individually and doing business as "WWW.POSTERREVOLUTION.COM"; POSTER SHOP LIVE!, a business entity of form unknown; RED TAG, INC., an Illinois corporation, individually and doing business as "UBID HOLDINGS, INC."; POSTER JUNCTION, a business entity of form unknown; ICON MEDIA HOLDINGS, LLC, a North Carolina limited liability company, individually and doing business as "MOVIE GOODS" and "WWW.MOVIEGOODS.COM"; CSS INDUSTRIES, INC., a Delaware Corporation, individually and doing business as "PAPER MAGIC GROUP, INC."; PUNT DOG POSTERS, a business entity of form unknown, individually and doing business as "WWW.PUNTDOGPOSTERS.COM"; WILD BILL'S NOSTALGIA, a Connecticut company, individually and doing business as "WILD BILL'S POSTERS"; CH ARTWORK, a business entity of form unknown; FINE ART AMERICA, a North Carolina company, individually and doing business as "WWW.FINEARTAMERICA.COM"; MEDIA STOREHOUSE US, a business entity of form unknown; THE GRANGER COLLECTION, LTD., a New York Corporation, individually and doing business as "GRANGER ART ON DEMAND"; AMAZON.COM, INC., a Washington limited liability company, individually and doing business as "WWW.AMAZON.COM"; and DOES 1-10,

Defendants.

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

| | |
|---|---|
| **I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)<br>SUSAN NICHOLSON HOFHEINZ, an individual | **DEFENDANTS**<br>EVERETT COLLECTION, INC., a New York Corporation; et. al. |
| **(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)<br>Stephen M. Doniger (SBN 179314)   300 Corporate Pointe, Suite 355<br>Scott A. Burroughs (SBN 235718)   Culver City, California 90230<br>DONIGER/BURROUGHS, APC   Tel: (310) 590-1820; Fax: (310) 417-3538 | Attorneys (If Known) |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff   ☑ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant   ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☑ Yes   ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes   ☑ No   ☐ **MONEY DEMANDED IN COMPLAINT: $** _____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Copyright Act of 1976, Title 17 U.S.C., § 101 et seq. - Action for misappropriation of Plaintiff's artwork used in the film/television industry.

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS<br>PERSONAL INJURY | TORTS<br>PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | **BANKRUPTCY** | ☐ 540 Mandamus/ Other | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | **PROPERTY RIGHTS** |
| ☐ 490 Cable/Sat TV | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | **FORFEITURE / PENALTY** | ☑ 820 Copyrights |
| ☐ 810 Selective Service | ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 190 Other Contract | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 195 Contract Product Liability | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | **SOCIAL SECURITY** |
| ☐ 890 Other Statutory Actions | ☐ 196 Franchise | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | **REAL PROPERTY** | | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | ☐ 210 Land Condemnation | **IMMIGRATION** | | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | ☐ 220 Foreclosure | ☐ 462 Naturalization Application | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 230 Rent Lease & Ejectment | ☐ 463 Habeas Corpus-Alien Detainee | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 240 Torts to Land | ☐ 465 Other Immigration Actions | | | **FEDERAL TAX SUITS** |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 245 Tort Product Liability | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 290 All Other Real Property | | | | ☐ 871 IRS-Third Party 26 USC 7609 |

CV12-09310

**FOR OFFICE USE ONLY:** Case Number: _____

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No  ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No  ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply)  ☐ A  Arise from the same or closely related transactions, happenings, or events; or
　　　　　　　　　　　　　 ☐ B  Call for determination of the same or substantially related or similar questions of law and fact; or
　　　　　　　　　　　　　 ☐ C  For other reasons would entail substantial duplication of labor if heard by different judges; or
　　　　　　　　　　　　　 ☐ D  Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary )

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides
　☐  Check here if the government, its agencies or employees is a named plaintiff.  If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Susan Nicholson Hofheinz- Los Angeles County | |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides
　☐  Check here if the government, its agencies or employees is a named defendant.  If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| SEE ATTACHED "SCHEDULE A" | SEE ATTACHED "SCHEDULE A" |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
　Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved.

X.  SIGNATURE OF ATTORNEY (OR PRO PER): _____  Date  10/29/2012

Notice to Counsel/Parties:   The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings
or other papers as required by law.  This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed
but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet.  (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended Also, include claims by hospitals, skilled nursing facilities, etc , for certification as providers of services under the program.  (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability.  (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended.  (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended.  (42 U.S.C. (g)) |

## "SCHEDULE A"

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| LIBRARY IMAGES, a business entity of form unknown<br>MELANY SHAPIRO, an individual-unknown<br>PENNY SILVER, an individual-unknown<br>CHIC ON A BUDGET, a business entity of form unknown<br>MG PHOTO, a business entity of form unknown<br>POSTER SHOP LIVE!, a business entity of form unknown<br>POSTER JUNCTION, a business entity of form unknown<br>PUNT DOG POSTERS, a business entity of form unknown, individually and doing business as<br>WWW.PUNTDOGPOSTERS.COM- unknown<br>CH ARTWORK, a business entity of form unknown;<br>MEDIA STOREHOUSE US, a business entity of form unknown | EVERETT COLLECTION, INC., a New York Corporation, individually and doing business as WWW.EVERETTCOLLECTION.COM- New York<br><br>POP CULTURE GRAPHICS, INC. a Nevada Corporation-Nevada<br><br>POSTER REVOLUTION, a New York Company, individually and doing business as WWW.POSTERREVOLUTION.COM- New York<br><br>RED TAG, INC., an Illinois corporation, individually and doing business as "UBID HOLDINGS, INC."- Illinois<br><br>ICON MEDIA HOLDINGS, LLC, a North Carolina limited liability company, individually and doing business as "MOVIE GOODS" and WWW.MOVIEGOODS.COM- North Carolina<br><br>CSS INDUSTRIES, INC., a Delaware Corporation, individually and doing business as "PAPER MAGIC GROUP, INC."- Delaware<br><br>WILD BILL'S NOSTALGIA, a Connecticut company, individually and doing business as "WILD BILL'S POSTERS"- Connecticut<br><br>FINE ART AMERICA, a North Carolina company, individually and doing business as WWW.FINEARTAMERICA.COM- North Carolina<br><br>THE GRANGER COLLECTION, LTD., a New York Corporation, individually and doing business as "GRANGER ART ON DEMAND"- New York<br><br>AMAZON.COM, INC., a Washington limited liability company, individually and doing business as WWW.AMAZON.COM- Washington |

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Audrey B. Collins and the assigned discovery Magistrate Judge is John E. McDermott.

The case number on all documents filed with the Court should read as follows:

## CV12- 9310 ABC (JEMx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=================================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [ ] Western Division | [ ] Southern Division | [ ] Eastern Division |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.